******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DANIEL KLEIN *v.* QUINNIPIAC UNIVERSITY
(SC 20405)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Ecker, Vertefeuille and Bright, Js.*

Argued June 10—officially released December 7, 2020**

*Procedural History*

Action to recover damages for the defendant's alleged negligence, brought to the Superior Court in the judicial district of New Haven and tried to the jury before *Wahla, J.*; verdict and judgment for the defendant, from which the plaintiff appealed to the Appellate Court, *Lavine* and *Keller, Js.*, with *Bishop, J.*, dissenting, which affirmed the trial court's judgment, and the plaintiff, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Steven D. Jacobs*, for the appellant (plaintiff).

*James E. Wildes*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Daniel Klein, brought this premises liability action against the defendant, Quinnipiac University, for injuries he suffered while riding his bicycle on the defendant's campus. Following a trial, the jury returned a general verdict for the defendant. The plaintiff appealed to the Appellate Court, arguing that the trial court improperly declined to give a licensee instruction to the jury and that the trial court improperly admitted certain testimony regarding the plaintiff's speed. The Appellate Court concluded that the trial court properly declined to give a licensee instruction and that, even if it was error, it was harmless. The Appellate Court also concluded that the general verdict rule barred its review of the plaintiff's evidentiary claim. The plaintiff now appeals, following our grant of certification,[1] from the judgment of the Appellate Court, affirming the judgment in favor of the defendant. *Klein* v. *Quinnipiac University*, 193 Conn. App. 469, 470–71, 219 A.3d 911 (2019). On appeal, the plaintiff's claims are solely limited to the Appellate Court's ruling on his instructional claim. Specifically, the plaintiff claims that the Appellate Court incorrectly concluded that (1) the trial court did not err in failing to give the licensee instruction in the present case, and (2) any error was harmless.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

\* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Robinson and Justices McDonald, D'Auria, Mullins, Ecker and Vertefeuille. Thereafter, Judge Bright was added to the panel, and he has read the briefs and appendices, and listened to a recording of the oral argument prior to participating in this decision.

\*\* December 7, 2020, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] We granted the plaintiff's petition for certification to appeal from the Appellate Court, limited to the following issues: (1) "Did the Appellate Court correctly conclude that the trial court had properly decided to instruct the jury regarding the duty of care owed by a landowner to a trespasser but not to instruct the jury regarding the duty of care owed to a licensee?" And (2) "[i]f the answer to the first question is 'no,' did the Appellate Court correctly conclude that the error was harmless?" *Klein* v. *Quinnipiac University*, 334 Conn. 903, 219 A.3d 799 (2019).

---